Filed 5/2/16  P. v. Randolph CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIAM SHAWN RANDOLPH,<br><br>    Defendant and Appellant. | G051201<br><br>(Super. Ct. No. 12HF1889)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Commissioner.  Affirmed in part, reversed in part, and remanded with instructions.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Paige B. Hazard and Warren J. Williams Deputy Attorneys General, for Plaintiff and Respondent.

Defendant William Shawn Randolph appeals from an order granting his application for resentencing under Proposition 47. Defendant contends the court erroneously failed to apply his excess custody credits to his parole period and fines, and wrongly refused to reduce his restitution fine. We agree with his first contention but not the second. Thus, we affirm in part, reverse in part and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In 2012, defendant pled guilty to felony possession of methamphetamine (count 1), misdemeanor false representation to a peace officer (count 2), and misdemeanor possession of controlled substance paraphernalia (count 3); and he admitted various prior conviction allegations, including two serious or violent felony "strikes." The court sentenced him to 32 months in prison on count 1, stayed sentencing (Pen. Code, § 654, all further statutory references are to this code) on counts 2 and 3, awarded him 80 days credit for time served, and ordered him to pay a certain mandatory fines and fees, including a $240 state restitution fine.

On December 5, 2014, the court granted defendant's application for resentencing under section 1170.18, subdivision (a), reduced his felony conviction on count 1 to a misdemeanor, resentenced him to two years in jail on counts 1, 2 and 3 collectively, awarded him 730 days credit for time served (365 actual plus 365 conduct), and placed him on one year of parole pursuant to section 1170.18, subdivision (d). Defendant filed a timely notice of appeal on December 24, 2014.

On June 3, 2015, after the notice of appeal was filed, the court issued an order stating: "Request to correct sentencing on Counts 2 and 3 denied. [¶] The counts were not properly stayed pursuant to . . . [s]ection 654 as they are not acts punishable in different ways from Count 1. [¶] . . . Request to correct credits granted. [¶] . . . [¶] The credits, on 12/05/14 should be 746 actual plus 154 good time work time for a total of 900. [¶] . . . Restitution fine remains as imposed. The fines are minimums, not maximums and are statutorily authorized."

2

## DISCUSSION

As a preliminary matter, we salute the trial court's initiative in exercising its concurrent jurisdiction to correct defendant's custody credits on June 3. (§ 1237.1.)

Turning to the merits, defendant contends the court should have applied his excess custody credits to his parole period and eligible fines. Defendant cites two cases decided by this court on these issues, but the California Supreme Court has since granted review in both of those cases. (*People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, S228030 (*Morales*), and *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted December 9, 2015, S230374 (*Armogeda*).) And, while these issues seem straightforward, they have generated a rift in the Courts of Appeal.

*Morales*, held defendants are entitled to have their excess custody credits counted toward their period of parole and eligible fines. A month later, the Supreme Court granted review of *Morales,* as well as in *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted August 26, 2015, S227964 (*Hickman*), a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue. However, the split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted October 14, 2015, S229296, and this court reaffirmed the holding of *Morales* in *Armogeda*.

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issues presented in this appeal. And when it does, its ruling will be dispositive. In the meantime, we still have to decide this case.

We continue to adhere to the position this court originally expounded in *Morales* and reaffirmed in *Armogeda*: that defendants seeking resentencing under Proposition 47 are entitled to have any excess custody credits applied to their parole period; and those credits should also be used to reduce the amount of any eligible fines. We therefore conclude the court was remiss in failing to apply defendant's excess custody credits to the parole period.

3

Defendant also claims the court should have reduced his $240 restitution fine, which was the minimum for a felony committed in 2012, to $100, which was the minimum for a misdemeanor. (§ 1202.4, subd. (b)(1).) Not so. As we reasoned in *Morales*, the maximum fine for a misdemeanor was $1,000, and thus the $240 fine was not an unauthorized sentence. And, in any event, defendant failed to object below and has thus forfeited the issue. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

## DISPOSITION

The court's original resentencing order is affirmed, as modified by the June 3 order, except to the extent that it failed to apply defendant's excess custody credits to his parole period and eligible fines, and the matter is remanded with directions for the court to do so.

THOMPSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

IKOLA, J.

4